803 So.2d 837 (2001)
In the Interest of F.M.H.B., J.J.B., and J.I.B., Children.
P.G.B., Appellant,
v.
Department of Children and Family Services, Appellee.
Nos. 2D00-1942, 2D00-5158, 2D01-78.
District Court of Appeal of Florida, Second District.
December 28, 2001.
*838 P.G.B., pro se.
Deborah Studybaker, Fort Myers, for Appellee.
BLUE, Chief Judge.
P.G.B., the father of three children, appeals the final judgment terminating his parental rights. He contends, and we agree, that the elements required for termination were not established by clear and convincing evidence as required by section 39.809(1), Florida Statutes (1999). Accordingly, we reverse the order terminating P.G.B.'s parental rights and remand for further proceedings.
The three children were removed from their parents' custody after persons living with the family were arrested on felony charges. Because of the unusual, nomadic lifestyle of the group with whom the children and their parents lived and traveled, the Department of Children and Family Services almost immediately filed a petition for termination of parental rights, relying on section 39.806(1)(c), which provides for termination
[w]hen the parent or parents engaged in conduct toward the child or toward other children that demonstrates that the continuing involvement of the parent or parents in the parent-child relationship threatens the life, safety, well-being, or physical, mental, or emotional health of the child irrespective of the provision of services.
Because the Department determined not to seek reunification of the parents and children, the petition for termination of parental rights was filed without either a separate petition for dependency or a case plan with a goal of reunification. From the earliest stage of the proceedings, the Department sought termination of parental rights.
Because no case plan or performance agreement was ever offered to the parents, the issues at the termination hearing were abuse, prospective abuse, and the manifest best interests of the children. Two months after the close of the adjudicatory hearing but prior to the order on the petition for termination, the Department moved to reopen its case in order to present evidence that the mother had been convicted as a principal in the criminal conduct carried out by members of the group and sentenced to twenty-five years in prison.[1] The trial court granted the motion and, after presentation of the evidence of the mother's convictions, entered the order terminating the parental rights of both parents.
The evidence offered at the termination hearing consisted primarily of testimony about the unusual and nomadic lifestyle of the parents and the group with whom they lived and traveled. The mother was the spiritual leader of the group and called the "Queen." The father described himself as a "street preacher." *839 The group lived on "offerings" and "takings." Shortly before the children were removed from the parents' custody, the "takings" resulted in the criminal charges. The father was never implicated in any of the criminal conduct.
Additionally, there was evidence that the oldest child was having great difficulty in adjusting to foster care and school after separation from his parents. This evidence is not a basis for termination of parental rights. See In re K.C.C., 750 So.2d 38 (Fla. 2d DCA 1999) (finding that children's need for counseling due to anxiety over the separation from their parents did not support termination of parental rights). There was little or no evidence, let alone clear and convincing evidence, that the father abused any of the children either physically, mentally, or emotionally unless we were to conclude the unusual lifestyle constituted abuse. We do not. We may have reservations about whether the father could successfully complete a case plan aimed at reunification, but without such ever being offered, we can only speculate.
Having examined the record of the termination hearing, we conclude there was not clear and convincing evidence to support the judgment terminating the father's parental rights. Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.
PARKER and FULMER, JJ., Concur.
NOTES
[1] The termination of the mother's parental rights is the subject of a separate appeal before this court, In Interest of F.M.B., 803 So.2d 833 (Fla. 2d DCA 2001).